UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ELLIOTT DRUMMOND, JR.,

    Plaintiff,

v.

MICHAEL B. WILLIAMS,

WARREN SMITH,

HENRY HUNTER,

WALTER WILLIAMS,

ELLIOTT KOBRIN,

and

WENDEL HILL,

    Defendants.

Civil Action No.: 3:21cv505

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff Elliott Drummond, Jr., by counsel, and moves this Court for Judgment against Defendants Michael B. Williams, Warren Smith, Henry Hunter, Walter Williams, Elliott Kobrin, and Wendel Hill, stating as follows:

**I.   INTRODUCTION**

1. The shackled and powerless Elliott Drummond, Jr. was attacked in a coordinated effort by multiple correctional officers at Sussex I State Prison. Defendants Michael B. Williams, and Warren Smith collectively hit, punched, and kicked Mr. Drummond. He also endured choking and spitting at the hands of M. Williams. Defendant Henry Hunter assisted M. Williams and Smith by holding Mr. Drummond up and telling him not to move while M. Williams and

Smith beat Mr. Drummond. Hunter also got on top of Mr. Drummond at one point; he further pushed Mr. Drummond against a wall. Meanwhile, Defendants Walter Williams, Elliott Kobrin, and Wendel Hill looked on and failed to assist Mr. Drummond. Defendant Hill, a sergeant, and the highest-ranking officer on the scene, recorded the attack on his cellphone. Not only did Defendant Hill not stop the violence against Mr. Drummond, but he commemorated the brutal assault with his recording.

## II.     JURISDICTION

2.     Jurisdiction exists in this case pursuant to the Eighth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 1331, 1343.  Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C.§ 1367 (a) over the state law claims. All relief available under the foregoing statutes is sought herein by Plaintiff.

## III.     VENUE

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this district.

4.     Assignment to the Richmond Division of the Eastern District of Virginia is proper pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this division.

## IV.     PARTIES

5.     Plaintiff ELLIOTT DRUMMOND, JR. ("Mr. Drummond") is, and was at all relevant times, a resident of the Commonwealth of Virginia.

6.     At all times relevant hereto, Defendant MICHAEL B. WILLIAMS ("M. Williams") was a correctional officer working at the Sussex I State Prison and an employee, agent, and/or servant of the Virginia Department of Corrections ("VDOC") acting within the

course and scope of his employment and/or agency with VDOC and under color of state law. Defendant M. Williams is sued in his individual capacity.

7. At all times relevant hereto, Defendant WARREN SMITH was a correctional officer working at the Sussex I State Prison and an employee, agent, and/or servant of VDOC acting within the course and scope of his employment and/or agency with VDOC and under color of state law. Defendant Smith is sued in his individual capacity.

8. At all times relevant hereto, Defendant HENRY HUNTER was a correctional officer working at the Sussex I State Prison and an employee, agent, and/or servant of VDOC acting within the course and scope of his employment and/or agency with VDOC and under color of state law. Defendant Hunter is sued in his individual capacity.

9. At all times relevant hereto, Defendant WALTER WILLIAMS ("W. Williams") was a correctional officer working at the Sussex I State Prison and an employee, agent, and/or servant of the VDOC acting within the course and scope of his employment and/or agency with VDOC and under color of state law. Defendant W. Williams is sued in his individual capacity.

10. At all times relevant hereto, Defendant ELLIOTT KOBRIN was a correctional officer working at the Sussex I State Prison and an employee, agent, and/or servant of VDOC acting within the course and scope of his employment and/or agency with VDOC and under color of state law. Defendant Kobrin is sued in his individual capacity.

11. At all times relevant hereto, Defendant WENDEL HILL was a sergeant working at the Sussex I State Prison and an employee, agent, and/or servant of VDOC acting within the course and scope of his employment and/or agency with VDOC and under color of state law. Defendant Hill is sued in his individual capacity.

## V. FACTS

12. On October 7, 2019, Mr. Drummond, an inmate, was transferred from Sussex II State Prison ("Sussex II") to Sussex I State Prison ("Sussex I"). Both facilities are located in Waverly, Virginia. The vehicle transporting Mr. Drummond entered Sussex I through the sallyport at around 1:00 pm. Mr. Drummond was handcuffed and had his ankles shackled together.

13. The moment that Mr. Drummond exited the back of the transport van, he began to be attacked without provocation. Defendant Officer M. Williams grabbed the chain that connected the shackles around Mr. Drummond's feet and yanked on the chain, pulling Mr. Drummond's feet out from under him. Mr. Drummond fell immediately, landing partially inside the van and partially outside of it and hurting his head and back. Defendants Hill, Hunter, and Smith were watching this occur.

14. While on the ground, Mr. Drummond was punched in his head; he is unsure which Defendant punched him.

15. As Mr. Drummond struggled to stand up, Defendant Hill used his cellphone to take a photo of Mr. Drummond and told him, "say cheese bitch." Defendant Hill also told Mr. Drummond to "keep his mouth shut."

16. Defendants M. Williams, Smith, Hunter, and Hill then grabbed Mr. Drummond and half dragged / half carried him into a holding cell in the back of the sallyport. Defendants Kobrin and W. Williams met Defendants M. Williams, Smith, Hunter, and Hill in the holding cell. In the holding cell, all defendants forced Mr. Drummond to kneel on a brick slab facing the wall before the beating commenced.

17. Defendant M. Williams then punched Mr. Drummond in the head and said, as he assaulted the handcuffed and shackled Mr. Drummond, "so you assault women. You're not man enough to fight a man, you assault women."[1]

18. Then, Defendants M. Williams and Smith continuously hit, punched, and kicked Mr. Drummond while he was shackled and handcuffed in the sallyport holding cell. Defendant Hunter held Mr. Drummond up while M. Williams and Smith beat Mr. Drummond, and at one point, Defendant Hunter got on top of Mr. Drummond. Hunter also pushed Mr. Drummond onto a wall. Defendants W. Williams, Hill, and Kobrin sat by, watching the assault and making no attempt to stop it. During an investigation following the incident, it was revealed that a request for additional officers in the sallyport had been made before Mr. Drummond arrived at Sussex I.

19. Mr. Drummond was forced to the ground by the intensity of the kicks, blows, and punches of Defendants M. Williams and Smith. Defendant Hunter then grabbed Mr. Drummond and stood him up, at which point Mr. Drummond was punched in the face by Defendant M. Williams.

20. Still in the sallyport holding cell, Mr. Drummond was then told to change his clothing. As a part of this process, his restraints and handcuffs were removed, and he was told to "fight back." Mr. Drummond replied "no," at which point Defendant M. Williams brought his hands up to Mr. Drummond's neck, choked Mr. Drummond, and spit in Mr. Drummond's face. Mr. Drummond heard either Defendant M. Williams or Defendant Hill say, "You'll buck on a female, but you won't buck on us." The force and pressure of the choking caused Mr. Drummond to have trouble breathing.

---

[1] Plaintiff believes this comment is in response to the alleged reason for Mr. Drummond's transfer to Sussex I. Mr. Drummond was accused of slapping away a female officer's fingers as she went to lock him into the shower. He denied touching the officer.

5

21.     During the assault, one of the Sussex I officers stationed in the control booth of the sally port area went to the holding cell where Mr. Drummond and the Defendants were. When he returned to the booth, he told his another officer that "they were beating an inmate up."

22.     Defendants M. Williams, Smith, and Hunter continued to attack Mr. Drummond with the other Defendants looking on. The abuse did not stop until Officer Eric Greene, one of the officers who had transported Mr. Drummond from Sussex II to Sussex I, came to the holding cell to retrieve the restraints that had been on Mr. Drummond. Officer Greene yelled at the Defendants to stop as he saw what they were doing. All the Defendants did not respond immediately. Officer Greene had to shove Defendant Smith off Mr. Drummond. When Officer Greene got back to the transport van, he told his fellow transport officer, "Let's get the 'F' out of here."

23.     At no time did Mr. Drummond attack or threaten any of the Defendants. The handcuffed and shackled Mr. Drummond posed no threat to any of the Defendants while they were beating him or watching the ordeal. Even when Defendants removed Mr. Drummond's restraints and goaded him to "fight back," Mr. Drummond did not do so, and did not threaten the officers. He continued to be unilaterally abused.

24.     After the beating, Defendants M. Williams, W. Williams, Hill, and Kobrin escorted Mr. Drummond to the cell where he was to be housed at Sussex I. While escorting him, Defendant M. Williams continued to threaten Mr. Drummond. Defendant M. Williams told Mr. Drummond that he "knew people" who would be there (at Mr. Drummond's cell) at 4:00 am.

25.     Defendant M. Williams then told Mr. Drummond to be thankful for the mat in Mr. Drummond's cell and demanded that Mr. Drummond say, "thank you." Mr. Drummond said, "thank you" and then Defendant M. Williams told him, "No, say thank you, sir." Mr.

Drummond complied out of fear. As a result of these threats and intimidations, Mr. Drummond remained terrified that he would be attacked or otherwise hurt again by Defendants.

26. Following the Defendants' physical brutalization of Mr. Drummond, Mr. Drummond had a black eye, his arms and upper body were beginning to swell up, and he was in extreme pain. Mr. Drummond had difficulty seeing out of his right eye and the right side of his body felt numb. The nurse practitioner at Sussex I, whom Mr. Drummond was not able to see until days later, noted that Mr. Drummond's right eye was tender, swollen, and had suffered trauma.

27. The combination of being brutally assaulted by numerous officers immediately upon arriving at his new facility and being threatened by Defendant M. Williams left Mr. Drummond traumatized. He has been unable to sleep and lives in constant fear of correctional officers, the people who continue to have control over every aspect of his life. He also continues to experience vision issues and chronic pain from the beating he suffered.

28. After Mr. Drummond wrote a complaint to the prison alleging what happened to him, an investigation by the Virginia Department of Corrections' Special Investigations Unit ("SIU") commenced. During that investigation, an SIU investigator interviewed all the officers involved in the assault on Mr. Drummond, witnesses including Officer Greene, one of the control booth officers, and others, as well as Mr. Drummond himself. Multiple interviews were conducted. Only after the investigator watched available prison video surveillance footage and questioned Defendants again did the story of the assault start to emerge.

29. For example, Defendant Kobrin originally told the investigator that "Drummond was never placed in the holding cell and that he (Kobrin) never entered the holding cell." After the investigator reviewed the video footage demonstrating the falsity of this statement and

revealed the same to Kobrin, Kobrin at first acknowledged the discrepancies with the video but continued to deny that the assault occurred. On the third interview of Kobrin though, he admitted to seeing "K-9 Officer Smith kick Offender Drummond while he was on his knees and that he [Kobrin] saw K-9 Officer M. Williams punch and choke Offender Drummond."

30. Similarly, Defendant Hill originally admitted to making the comment "say cheese bitch" and taking a photo of Drummond, but denied all other allegations. During a second interview though, Defendant Hill admitted to seeing "three or four" officers strike Mr. Drummond. Hill specifically stated that he saw Officer M. Williams punch Mr. Drummond and strike him in the facial area. Hill reported having also observed M. Williams bring both his hands up to Mr. Drummond's neck region. Hill further said he saw Officer Smith punch Mr. Drummond. As to Officer Hunter, Hill saw Hunter picking Mr. Drummond up while Drummond was "trying to cover himself up from the punches that were being thrown."

31. The investigation revealed that Defendant Sgt. Hill, the superior officer on the scene, recorded the attack on his personal cell phone.

VI.   COUNTS

COUNT I

EXCESSIVE FORCE in violation of 42 U.S.C. §1983

(Against Defendants M. Williams, Smith, and Hunter)

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33. Defendants Michael B. Williams, Warren Smith, and Henry Hunter ("the Foregoing Defendants" in this count only)'s actions alleged in the foregoing Paragraphs of this

Complaint constituted the use of excessive force against Mr. Drummond in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

34. As a direct and proximate result of the use of excessive force by the Foregoing Defendants, Mr. Drummond sustained the injuries and damages previously described in this Complaint.

35. The Foregoing Defendants used excessive force against Mr. Drummond which establishes causes of action for monetary relief consisting of compensatory damages, punitive damages, and costs (including attorneys' fees) to the Plaintiff.

## COUNT II

### FAILURE TO INTERVENE in violation of 42 U.S.C. §1983

**(Against Defendants W. Williams, Kobrin, and Hill)**

36. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37. Defendants Walter Williams, Wendel Hill, and Elliott Kobrin ("the Foregoing Defendants" in this count only)'s actions alleged in the foregoing Paragraphs of this Complaint demonstrate that they knew of their colleagues Defendants M. Williams, Smith, and Hunter's ongoing illegal act, could have stopped their colleagues from attacking Mr. Drummond, and failed to do so in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

38. As a direct and proximate result of the failure to intervene by the Foregoing Defendants, Mr. Drummond sustained the injuries and damages previously described in this Complaint.

39. The Foregoing Defendants' failure to intervene to prevent the use of excessive force against Mr. Drummond establishes causes of action for monetary relief consisting of compensatory damages, punitive damages, and costs (including attorneys' fees) to the Plaintiff.

## COUNT III

## STATE LAW BATTERY

### (Against Defendants M. Williams, Smith, and Hunter)

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. Defendants Michael B. Williams, Warren Smith, and Henry Hunter ("the Foregoing Defendants" in this count only)'s actions alleged in the foregoing Paragraphs of this Complaint constituted and caused an intentional, unlawful, unwanted and harmful touching (and/or touchings), without legal justification and constituted a battery.

42. As a direct and proximate result of the battery by the Foregoing Defendants, Mr. Drummond sustained the injuries and damages previously described in this Complaint.

43. The Foregoing Defendants committed a battery against Mr. Drummond which establishes causes of action for monetary relief consisting of compensatory damages, punitive damages, and costs to the Plaintiff.

**VII.   JURY TRIAL DEMANDED**

44. Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

**VIII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against each of the Defendants, Michael B. Williams, Warren Smith, Henry Hunter, Walter

Williams, Elliott Kobrin, and Wendel Hill, jointly and severally, in the amount of $750,000, or in such greater amount to be determined at trial, costs, including attorneys' fees in connection with the federal civil rights claims, pre-judgment interest, punitive damages in an amount to be determined at trial, and grant such other and further relief that the Court may deem appropriate.

**TRIAL BY JURY IS DEMANDED.**

ELLIOTT DRUMMOND, JR.

By: \_\_\_\_/s/ Daniel Zemel_____
Daniel Zemel
Counsel

Mark J. Krudys (VSB# 30718)
Daniel Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
SunTrust Center
919 E. Main Street, Suite 2020
Richmond, VA  23219
Phone: (804) 774-7950
Fax:    (804) 381-4458
Email: mkrudys@krudys.com; dzemel@krudys.com
Web:   www.krudys.com
*Counsel for Plaintiff Elliott Drummond, Jr.*